# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

VERN BRASWELL,                          )
                                        )
      Plaintiff,                )
                                        )
VS.                                     )          No. 21-1064-JDT-cgc
                                        )
TENNESSEE DEPARTMENT OF                 )
CORRECTION,                             )
                                        )
      Defendant.                )

---

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ASSESSING $350 FILING FEE IN ACCORDANCE WITH PLRA,
GRANTING MOTION TO ADD EXHIBIT (ECF NO. 6),
DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

---

On April 20, 2021, Plaintiff Vern Braswell, Tennessee Department of Correction (TDOC) prisoner number 399678, who is incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* civil complaint and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)  However, the motion did not include a copy of Plaintiff's inmate trust account statement, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b).  The Court therefore ordered Plaintiff to submit either the necessary document or the entire civil filing fee within 30 days. (ECF No. 4.)  Plaintiff has complied with that order by submitting his trust account statement.  (ECF Nos. 5 & 7.)  He also filed a motion to add an exhibit to his complaint. (ECF No. 6.)  That motion is GRANTED.

Under the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Section 1915(b) merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. In this case, Plaintiff now has submitted both an *in forma pauperis* affidavit and a copy of his inmate trust account statement. The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA, and Plaintiff is assessed the $350 civil filing fee.[1]

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty percent (20%) of the greater of the average monthly balance in or average monthly deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

---

[1] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $52 for filing any civil case. The additional fee does not apply when leave to proceed *in forma pauperis* is granted.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
111 S. Highland Ave., Rm. 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, *in writing*, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's prison.

The complaint also is before the Court for screening. Phillips has sued the TDOC. He alleges he was diagnosed with prostate cancer while incarcerated at the NWCX and prescribed radiation treatments. However, he alleges the prison's medical department has failed to take sufficient steps to protect him, a medically vulnerable inmate, from the risk of contracting COVID-19. Specifically, Phillips contends his requests to be given a COVID-19 vaccination before beginning radiation treatments have been denied.[2] He also

---

[2] Phillips asserts he should receive the vaccine prior to being given radiation because the radiation treatments will significantly compromise his immune system.

states he has been given no additional MRI or CAT scan to determine whether his cancer has spread "in spite of numerous complaints & visits to the clinic that suggests either spread or additional complications." (ECF No. 1 at PageID 9.) Phillips further asserts his mental health is deteriorating because he has been "in seclusion on solitary confinement in some form or other since Dec 14, 2020" in order to protect his health. (ECF No. 1 at PageID 12.) He asks this Court to order him released to monitored home confinement. *Id.* at PageID 22.) He also requests the appointment of counsel and a preliminary injunction to prevent prison officials from transferring him to another prison facility, where he contends he could be at even greater risk of getting COVID-19. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*,

4

631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

The complaint was filed pursuant to 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Phillips's claims against the TDOC must be treated as claims against the State of Tennessee itself.   However, Phillips cannot state a valid claim against the State of Tennessee.   The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court.  *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages.  *See* Tenn. Code Ann. § 20-13-102(a).  Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983.  *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

For this reason, Phillips's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held, however, that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Phillips should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Phillips's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). His requests for a preliminary injunction and for appointment of counsel are DENIED at this time. Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **June 2, 2021.**

Phillips is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings.[3] The text of the

---

[3] Phillips does not, however, need to resubmit the exhibits he already filed and may refer to those exhibits in any amendment.

complaint must allege sufficient facts to support each claim without reference to any extraneous document. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Phillips fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, recommend the assessment of a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment. IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE